CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 23 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:07CR00007-002 |
| | ) |
| | ) |
| vs. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) |
| CHALIN B. MORGAN, | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Defendant. | ) |

Chalin B. Morgan, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, challenging his conviction for conspiring to distribute crack cocaine. After consideration of the § 2255 motion and the record, the court summarily dismisses the § 2255 motion as untimely filed.[1]

I

A grand jury of this court returned an indictment in January 2007, charging Chalin Brice Morgan with conspiracy to distribute more than 50 grams of crack cocaine, possession with intent to distribute more than 50 grams of crack cocaine, and possession of a firearm in relation to a drug trafficking crime. Pursuant to a written plea agreement, Morgan pleaded guilty on June 25, 2007 to the conspiracy count, in exchange for dismissal of the other counts. Under the agreement, the parties stipulated that Morgan should be held responsible for more than 150, but less than 500 grams of crack cocaine; that Morgan should receive a two-level enhancement for possession of a firearm in relation to the conspiracy offense and a three-level reduction for acceptance of responsibility; and that Morgan was waiving his right to appeal and his right to bring a § 2255 motion challenging the judgment. Using the stipulated drug amount, the court

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

calculated Morgan's base offense level under the 2006 version of the advisory sentencing guidelines to 34, increased by 2 levels for possession of a firearm, decreased by 3 levels for acceptance of responsibility for a total offense level of 33. With Morgan's criminal history category II, his custody range was 151 to 188 months imprisonment, and the court sentenced him to serve 151 months. The court entered the judgment against Morgan on September 12, 2007.[2] No appeal was taken.

In his § 2255 motion, Morgan alleges that his trial counsel provided ineffective assistance by: (1) failing to file an appeal; (2) failing to turn over Jencks and Brady material; (3) failing to object at sentencing when the drug amount attributed to Morgan was greater than the 220 grams of crack cocaine Morgan was "caught with"; and (4) failing to object to destruction of the drugs before sentencing. The court filed the § 2255 motion conditionally, notified Morgan that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court noted that Morgan had not offered any reason for waiting nearly three years after conviction to ask the court about the status of his appeal. Morgan filed a response on the issue of timeliness. After considering this additional material, however, the court concludes that the § 2255 motion must be dismissed as untimely.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

---

[2] On March 26, 2008, the court reduced Morgan's sentence to 121 months, pursuant to 18 U.S.C. § 3582(c) and retroactive amendments to the crack cocaine sentencing guideline.

2

is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Morgan's conviction became final on September 26, 2007, when his opportunity to appeal expired. See FED. R. APP. P. 4(b)(1)(A) (former version). He then had one year—until September 25, 2008—in which to file a timely § 2255 motion. Morgan filed his § 2255 motion, at the earliest, on December 8, 2011, more than three years after his conviction became final. Thus, his motion is untimely under § 2255(f)(1).

Morgan asserts that his § 2255 motion is timely filed because he did not find out until calling the court on November 18, 2011, that his attorney did not file an appeal on his behalf. Morgan states that he "asked his attorney about the Appeals Process and was told that this would be done." Morgan also says that he has no legal training and depended on his attorney. Another inmate told Morgan about Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Thereafter, Morgan called the court, discovered no appeal had been filed, and submitted his § 2255 motion.

3

As the United States Supreme Court reaffirmed in Flores-Ortega, defense counsel's failure to file a notice of appeal after her client instructs her to do so constitutes deficient representation and violates the client's constitutional rights. Id. at 477. Thus, if Morgan could prove that he asked counsel to file an appeal for him and she failed to do so, he might have a § 2255 claim on this issue. Furthermore, if he stated facts demonstrating that he filed this § 2255 claim within one year of the date when he first could have discovered that his attorney did not file an appeal, the claim would be timely filed under § 2255(f)(4).

Morgan fails to make the necessary showing of due diligence, however. Morgan states no facts showing that he made a timely request for counsel to file a notice of appeal or that he reasonably believed that his appeal was pending for three years without attempting to investigate its status.[3] As he fails to offer facts demonstrating that he acted with due diligence to discover the facts to support his § 2255 claims, his motion cannot be deemed timely under § 2255(f)(4). Morgan also fails to state facts showing that his motion is timely under § 2255(f)(2) or (3).

Morgan also fails to state facts warranting equitable tolling of the federal filing deadline. Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Morgan's mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or his unfamiliarity with the legal process does not support granting such extraordinary relief, because these limitations were known to him. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

_____

[3] At the most, Morgan alleges that he filed his § 2255 motion within a few weeks of discovering the legal authority on which another inmate told him he could seek habeas relief. This discovery does not satisfy the necessary factual showing under § 2244(f)(4).

4

For the reasons stated, the court concludes that Morgan's § 2255 motion must be dismissed as untimely filed. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 23rd day of April, 2012.

_James C. Turk_
Senior United States District Judge

5